UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:08-mj-00088-GWF |
| ) | |
| vs. ) | **DECISION** |
| ) | |
| FRANK WHITTIER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The above entitled matter was tried before the Court on September 25, 2008. The Court herewith renders its decision in this case.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant Frank Whittier is charged in a three count Criminal Complaint filed on February 13, 2008. Count One alleges that Defendant Whittier operated a motor vehicle while under the influence of alcohol to a degree that rendered him incapable of safe operation in violation of 36 U.S.C. § 4.23(a)(1). Count Two alleges that Defendant operated a motor vehicle "with an alcohol concentration of 0.08 grams or more of alcohol per 210 liters of breath, to wit: 'Intoxilyzer 5000 test results of 0.108 and 0.108 grams, respectively" in violation of 36 C.F.R.§ 4.23(a)(2). Count Three charges Defendant with unsafe operation of a motor vehicle in violation of 36 C.F.R. § 4.22(b)(1) based on the allegation that he operated a motor vehicle in the dark with the headlights off.

At trial, National Park Service Ranger Prashant Lotwala testified that on October 20, 2007 at approximately 11:00 p.m, his patrol vehicle was stopped on Lakeshore Road in the Lake Mead National Recreation Area. At that time, Ranger Lotwala was involved in an unrelated investigation and the emergency lights on his patrol vehicle were flashing. Ranger Lotwala's attention was called to a motor

vehicle which was slowly driving down a trail road adjacent to Lakeshore Road with its headlights off. Ranger Lotwala indicated that he drove across the road toward the vehicle. Both vehicles stopped. Ranger Lotwala observed an individual exit the vehicle from the driver's door. The individual, who was subsequently identified as Defendant Frank Whittier, approached Ranger Lotwala and inquired why the ranger was stopped in that area with flashing lights on his vehicle. Ranger Lotwala testified that he smelled an odor of alcoholic beverage on Defendant Whittier's breath and also observed that his eyes were bloodshot. Ranger Lotwala testified that Defendant Whittier also admitted to having drank three beers. Otherwise, Defendant Whittier did not display visible signs of being intoxicated or under the influence of alcohol. His speech was not slurred, he was not stumbling and did not initially appear to have problems with his balance.

      Based on his observations of Defendant, Ranger Lotwala suspected that Defendant was under the influence of alcohol to a degree that rendered him incapable of safely operating his vehicle. Ranger Lotwala therefore administered the standard field sobriety test (FST) to the Defendant. Ranger Lotwala testified that he instructed Defendant on each of the three parts of the FST. He testified that Defendant appeared to understand the instructions. Ranger Lotwala testified that Defendant "failed" the first part of the FST, the Horizontal Gaze Nystagmus test. He further testified that the other two parts of the FST, the walk and turn test and the one leg stand test were performed on a relatively flat area of the road pavement which was free from debris. Ranger Lotwala testified that Defendant failed the walk and turn test because he could not keep his balance and began walking before he was instructed to do so and missed the heal-to-toe walk and did not turn as instructed. He also testified that Defendant failed the one leg stand portion of the test because he swayed, raised his arms and put his foot down. Ranger Lotwala also administered a preliminary breath test/Alco-Sensor to Defendant which indicated that Defendant had a blood alcohol content above the legal limit.

      Based on the results of the field sobriety test and the preliminary breath test/Alco-Sensor, Ranger Lotwala concluded that there was probable cause to believe that Defendant Whittier was under the influence of alcohol to a degree that rendered him incapable of safely operating a motor vehicle. Ranger Lotwala placed Defendant under arrest and transported him to the Ranger Station where he administered the breath test using the "Intoxilyzer 5000EN" test equipment. The results of these tests,

which the Court admitted into evidence, showed that Defendant's blood alcohol content on the two breath tests administered was 0.108 grams of alcohol per 210 liters of breath. Ranger Lotwala testified that he performed the "Intoxilyzer 5000EN" tests in accordance with the training he previously received and pursuant to the standard checklist for performing the test. He testified that he attended the Las Vegas Metropolitan Police Department course on the "Intoxilyzer 5000EN" equipment and was certified to perform the test. Ranger Lotwala testified, however, that his certification expired nineteen (19) days before October 20, 2007.

The Government also presented testimony by Dana C. Russell, a Forensic Scientist II employed by the Las Vegas Metropolitan Police Department (LVMPD). The parties stipulated to Ms. Russell's qualifications and expertise regarding the Intoxilyzer 5000EN test equipment. Ms. Russell testified that as part of her duties as a Forensic Scientist II for the LVMPD, she and other scientists in her department prepare the alcohol/water solutions used in the Intoxilyzer 5000EN test equipment located at the Lake Mead Ranger station. She also testified that she periodically calibrates the Intoxilyzer 5000EN test equipment. She testified that she calibrated the subject Intoxilyzer 5000EN test equipment on July 31, 2007 and October 23, 2007. She testified that she received no information that the Intoxilyzer 5000EN test equipment was not performing properly on October 20, 2007. Based on her review of the printed results of the Intoxilyzer 5000EN test administered to Defendant Whittier, Ms. Russell testified that the results appeared valid.

Defendant Whittier's principal defense at trial was that he was not operating the motor vehicle that Ranger Lotwala testified he observed drive down the trail road. Defendant Whittier testified that he was employed by a construction company which had equipment located in that area. He stated that on the evening of October 20, 2007, he and his girlfriend, Kelly Flake, camped out at the area for purposes of watching over the equipment and also to spend the night at the lake. Mr. Whittier acknowledged that he had drank some alcoholic beverages that evening. Mr. Whittier testified that Ms. Flake was sleeping in the front passenger seat of his four door pick-up truck. He testified that a male individual, whose identity is unknown to him, approached Mr. Whittier's campsite and stated that rangers were searching for someone in the area. Mr. Whittier testified that he began walking down the trail toward Lakeshore Road where he observed the flashing lights from the ranger's vehicle to find out

1  what was going on. Mr. Whittier testified that as he was walking down the trail road, his pick-up truck,
2  driven by the stranger, passed him. Mr. Whittier testified that he opened the rear driver's side door of
3  the moving pick-up truck to find out why the stranger was driving it and to order him to stop.
4  According to Mr. Whittier, the stranger stopped the vehicle and said that Mr. Whittier would be cited
5  by the rangers for having a campfire in the area. According to Mr. Whittier, he informed the stranger
6  that the campfire was legal. Mr. Whittier then proceeded on foot toward the ranger's vehicle. Mr.
7  Whittier testified that he believed that the stranger remained in or near his pick-up truck, but he
8  subsequently discovered that the stranger left the area and took the ignition keys to the pick-up truck
9  with him.
10     In support of this defense, Defendant's counsel played audio recordings between the rangers and
11  the dispatcher which indicated that subsequent to Defendant Whittier's arrest, vehicle ignition keys
12  were not found on Defendant Whittier or in the pick-up truck. Ranger Lotwala testified, however, that
13  a written inventory of items found in the truck after it was impounded included keys, although the
14  inventory did not specify whether they were the ignition keys to Mr. Whittier's pick-up truck. Ms.
15  Flake, who was in the truck when the foregoing events occurred, did not testify at trial.

16                    **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

17     The Court finds, beyond a reasonable doubt, that Defendant Whittier was operating his pick-up
18  truck when Ranger Lotwala observed it drive slowly down the trail road and stop. Although it was
19  dark, Ranger Lotwala testified that he saw the vehicle stop and Defendant exit the driver's door of the
20  vehicle and then approach him on foot. The Court finds that Ranger Lotwala's testimony and demeanor
21  was credible and accepts his testimony. By contrast, the Court finds that Mr. Whittier's testimony that
22  a stranger drove his pick-up truck is not credible both as to the substance of Defendant's story and his
23  poor demeanor on the witness stand. In this regard, Mr. Whittier's testimony that he would leave his
24  sleeping girlfriend alone with a stranger, with the vehicle's ignition keys located in the truck, does not
25  make reasonable sense. The girlfriend, Ms. Flake, did not testify at trial to provide any support to
26  Defendant's story. As to the allegedly missing keys, this evidence is not a persuasive circumstance
27  supporting Mr. Whittier's story. Ranger Lotwala testified that records show that keys were later found
28  in the vehicle. Even assuming that these were not the vehicle ignition keys, it is conceivable that Mr.

Whittier's girlfriend was in possession of the ignition keys or that they were otherwise discarded by Defendant.

At the conclusion of trial, the Court took this case under advisement to consider whether the expiration of Ranger Lotwala's certification to perform the Intoxilyzer 5000EN test equipment nineteen (19) days prior to October 20, 2007 precludes Defendant Whittier's conviction under Counts One and Two of the Complaint. 36 C.F.R. § 4.23 (c) provides:

> (1) At the request or direction of an authorized person who has probable cause to believe that an operator of a motor vehicle within a park area has violated a provision of paragraph (a) of this section, the operator shall submit to one or more tests of the blood, breath, saliva or urine for the purpose of determining blood and alcohol content.
>
> . . .
>
> (4) Any test shall be conducted by using accepted scientific methods and equipment of proven accuracy and reliability by personnel certified in its use.

In *People v. Dobbs*, 2004 WL 21054797 (Cal.App. 2003), the court held that the lack of operator certification did not render breath test results inadmissible. In so holding, the court relied on *People v. Williams*, 121 Cal.Rptr.2d 854, 49 P.3d 203 (Cal. 2002), which held that the court has the discretion to admit such evidence upon a showing of (1) the reliability of the instrument, (2) the proper administration of the test, and (3) the competence of the operator. *Dobbs* held that even if the operator is not certified as required by the applicable regulation, the court may admit the evidence if the three elements of the test in *Williams* are satisfied. The Court agrees with this analysis in regard to the certification requirement of 36 C.F.R. § 4.23(c)(4).

All of the evidence introduced at trial indicated that Ranger Lotwala administered the Intoxilyzer 5000EN test to Defendant Whittier in the proper manner and according to the checklist. There is no evidence indicating that the Intoxilyzer 5000EN equipment was not properly calibrated and functioning at the time Ranger Lotwala administered the test. Nor was there any evidence that the test results were flawed in any respect. Ranger Lotwala had previously been trained and certified in the operation of the Intoxilyzer 5000EN and his certification had expired only a few weeks prior to Defendant's arrest. He has also been a National Park Ranger for 5 years and has conducted numerous DUI investigations and/or arrests. Based on this record, the Court finds that the Intoxilyzer 5000EN

test results were not rendered inadmissible or insufficient to establish Defendant Whittier's blood alcohol content because Ranger Lotwala's certification had expired.

## **CONCLUSION**

Based on the foregoing, the Court finds beyond a reasonable doubt that Defendant Frank Whittier is guilty of the charges against him in Counts One, Two and Three of the Criminal Complaint.

DATED this 30th day of September, 2008.

*[signature: George Foley Jr.]*
_____
GEORGE FOLEY, JR.
United States Magistrate Judge